## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

### CHAPTER 13 PLAN - AMENDED
### AND RELATED MOTIONS

Name of Debtor(s):   **Roger Lee Morse**
**Terry Lynette Morse**                                   Case No:  **13-33371-KRH**

This plan, dated __**December 20, 2016**__ , is:

- ☐     the *first* Chapter 13 plan filed in this case.
- ■     a modified Plan, which replaces the
    ■confirmed or ☐unconfirmed Plan dated **12/8/2015**.

    Date and Time of <u>Modified Plan</u> Confirming Hearing:
    **February 1, 2017 at 11:10 AM**
    Place of <u>Modified Plan</u> Confirmation Hearing:
    **701 E. Broad St., Rm. 5000, Richmond, Virginia 23219**

    The Plan provisions modified by this filing are:
    **1) Funding  5)a. Secured arrears and 11) Other**

    Creditors affected by this modification are:
    **Fidelity Bank.  NO Negative affect on unsecured creditors.**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted,</u> without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$351,837.75**
Total Non-Priority Unsecured Debt: **$38,471.35**
Total Priority Debt: **$10,320.93**
Total Secured Debt: **$234,138.70**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$810.00 Monthly for 60 months**. Other payments to the Trustee are as follows:   **$26,000.00 lumpsum payment in month 48**   . The total amount to be paid into the plan is $   **74,600.00**   .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   **A.      Administrative Claims under 11 U.S.C. § 1326.**

   1.      The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
   2.      Debtor(s)' attorney will be paid $   **2,881.00**   balance due of the total fee of $   **3,000.00**   concurrently with or prior to the payments to remaining creditors.

   **B.      Claims under 11 U.S.C. §507.**
   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Treasurer, City of Hopewell** | **Taxes and certain other debts** | **956.12** | **Prorata 1 months** |
| **Treasurer, City of Hopewell** | **Taxes and certain other debts** | **9,364.81** | **Prorata 1 months** |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

   **A.      Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

   This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Butterworths Furniture Co** | **Chaise, sofa, recliner** | **2010** | **657.70** | **657.70** |
| **ComenityBank/Val ctyfr** | **livingroom suite** | **2011** | **2,780.00** | **1,500.00** |
| **First Union Market Bank** | **2009 Mazda 626 w/ (110K) miles** | **2010** | **12,759.63** | **11,675.00** |
| **GECRB/HH Gregg** | **Stove** | **2010** | **1,266.00** | **300.00** |
| **Pentagon Federal Credit Union** | **2006 Ford Explorer w/ (174k) miles** | **2011** | **5,626.00** | **7,050.00** |
| **Wells Fargo Dealer Services** | **2006 Ford Escape w (180k) miles** | **2008** | **6,380.00** | **6,380.00** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                           Best Case Bankruptcy

**B.     Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim.  Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

**C.     Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Butterworths Furniture Co** | **Chaise, sofa, recliner** | **30.00** | **Trustee** |
| **ComenityBank/Valctyfr** | **livingroom suite** | **30.00** | **Trustee** |
| **First Union Market Bank** | **2009 Mazda 626 w/ (110K) miles** | **40.00** | **Trustee** |
| **GECRB/HH Gregg** | **Stove** | **30.00** | **Trustee** |
| **Pentagon Federal Credit Union** | **2006 Ford Explorer w/ (174k) miles** | **30.00** | **Trustee** |
| **Wells Fargo Dealer Services** | **2006 Ford Escape w (180k) miles** | **30.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.     Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Butterworths Furniture Co** | **Chaise, sofa, recliner** | **657.70** | **3.25%** | **Prorata** **37 months** |
| **ComenityBank/Valctyfr** | **livingroom suite** | **1,500.00** | **3.25%** | **Prorata** **37 months** |
| **First Union Market Bank** | **2009 Mazda 626 w/ (110K) miles** | **12,759.63** | **3.25%** | **Prorata** **37 months** |
| **GECRB/HH Gregg** | **Stove** | **300.00** | **3.25%** | **Prorata** **37 months** |
| **Pentagon Federal Credit Union** | **2006 Ford Explorer w/ (174k) miles** | **5,626.00** | **3.25%** | **Prorata** **37 months** |
| **Wells Fargo Dealer Services** | **2006 Ford Escape w (180k) miles** | **6,380.00** | **3.25%** | **Prorata** **37 months** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

E.      **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4.      **Unsecured Claims.**

A.      **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __**100**__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __**100**__ %.

B.      **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

5.      **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

A.      **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Fidelity Bank** | **Primary Residence-5106 Heritage Road, Prince George, VA** | **1,200.00** | **0.00** | **0%** | **0 months** | |

B.      **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

C.      **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6.      **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and

Page 4of 6

leases listed below.

    **A.**    **Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

    **B.**    **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7.**    **Liens Which Debtor(s) Seek to Avoid.**

    **A.**    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| **-NONE-** | | | |

    **B.**    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **-NONE-** | | | |

**8.**    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.**    **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.**    **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

11.     **Other provisions of this plan:**
**=> Notwithstanding the confirmation of this plan the debtor(s) reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with § 502(b) and to challenge the standing of any party to assert any such claim.**

**=> Payment of Attorney Fees and Costs - The claims for attorney fees and costs shall be paid by all funds available on first disbursement after confirmation of the plan (fees) and entry of proof of claim for actual costs (costs), and until such claims for attorney fees and costs is paid in full, except as reserved for adequate protection payments on allowed secured claims (if any), DSO claims and Trustee commissions.**

**All mortgage arrears to Fidelity Bank are to be paid by pending loan modification.**

**Lump sum payment to come on Month 48 from sale or refinance of real property located at 1705 Arlington Road, Hopewell, VA.**

**Signatures:**

**Dated:**    **December 20, 2016**

**/s/ Roger Lee Morse**                                          **/s/ Kimberly A. Chandler**
**Roger Lee Morse**                                              **Kimberly A. Chandler 47897**
**Debtor**                                                       **Debtor's Attorney**

**/s/ Terry Lynette Morse**
**Terry Lynette Morse**
**Joint Debtor**

**Exhibits:**        **Copy of Debtor(s)' Budget (Schedules I and J);**
                     **Matrix of Parties Served with Plan**

Certificate of Service

I certify that on   **December 20, 2016**   , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                    **/s/ Kimberly A. Chandler**
                    **Kimberly A. Chandler 47897**
                    Signature

                    **P.O.Box 17586**
                    **Richmond, VA 23226**
                    Address

                    **804-353-1849**
                    Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**B6I (Official Form 6I) (12/07)**

In re   **Roger Lee Morse**
    **Terry Lynette Morse**_____   Case No.  **13-33371-KRH**_____
               Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Correction Officer Senior** | **Bus Driver** |
| Name of Employer | **Va Dept of Corrections** | **City of Hopewell** |
| How long employed | **28 years** | **3 years** |
| Address of Employer | **Atmore Drive**<br>**Hopewell, VA 23860** | **401 N. 12th Ave**<br>**Hopewell, VA 23860** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ **2,978.91** | $ **1,728.70** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **2,978.91** | $ **1,728.70** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a.  Payroll taxes and social security | $ **649.61** | $ **384.30** |
|    b.  Insurance | $ **199.33** | $ **44.84** |
|    c.  Union dues | $ **0.00** | $ **0.00** |
|    d.  Other (Specify)   **See Detailed Income Attachment** | $ **148.94** | $ **43.42** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **997.88** | $ **472.56** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **1,981.03** | $ **1,256.14** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance<br>(Specify): _____ | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income<br>(Specify): _____ | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **0.00** | $ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **1,981.03** | $ **1,256.14** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **3,237.17** | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**B6I (Official Form 6I) (12/07)**

|  |  |  |  |
|---|---|---|---|
| In re | **Roger Lee Morse**<br>**Terry Lynette Morse** | Case No. | **13-33371-KRH** |
|  | Debtor(s) |  |  |

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED
### Detailed Income Attachment

**Other Payroll Deductions:**

| | | | |
|---|---|---|---|
| **Member Retirement** | $ 148.94 | $ | 0.00 |
| **VA Retirement** | $ 0.00 | $ | 35.86 |
| **Life Insurance** | $ 0.00 | $ | 7.56 |
| **Total Other Payroll Deductions** | $ 148.94 | $ | 43.42 |

B6J (Official Form 6J) (12/07)

In re **Roger Lee Morse**
**Terry Lynette Morse** _____      Case No.   **13-33371-KRH**
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ **1,037.00** |
|   a. Are real estate taxes included? | Yes ___  No **X** | |
|   b. Is property insurance included? | Yes ___  No **X** | |
| 2. Utilities:    a. Electricity and heating fuel | | $ **200.00** |
|             b. Water and sewer | | $ **0.00** |
|             c. Telephone | | $ **100.00** |
|             d. Other  **Trash Pickup** | | $ **30.00** |
| 3. Home maintenance (repairs and upkeep) | | $ **0.00** |
| 4. Food | | $ **300.00** |
| 5. Clothing | | $ **50.00** |
| 6. Laundry and dry cleaning | | $ **0.00** |
| 7. Medical and dental expenses | | $ **120.00** |
| 8. Transportation (not including car payments) | | $ **300.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ **0.00** |
| 10. Charitable contributions | | $ **0.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|             a. Homeowner's or renter's | | $ **0.00** |
|             b. Life | | $ **0.00** |
|             c. Health | | $ **0.00** |
|             d. Auto | | $ **150.00** |
|             e. Other | | $ **0.00** |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|     (Specify)  **Personal Property** | | $ **50.00** |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|             a. Auto | | $ **0.00** |
|             b. Other | | $ **0.00** |
|             c. Other | | $ **0.00** |
| 14. Alimony, maintenance, and support paid to others | | $ **0.00** |
| 15. Payments for support of additional dependents not living at your home | | $ **0.00** |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ **0.00** |
| 17. Other  **Personal Care Items & Grooming** | | $ **90.00** |
|     Other | | $ **0.00** |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)  $ **2,427.00**

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ **3,237.17** |
| b. | Average monthly expenses from Line 18 above | $ **2,427.00** |
| c. | Monthly net income (a. minus b.) | $ **810.17** |

.

AFNI
PO Box 3097
Bloomington, IL 61702


Allied Interstate
3000 Corporate Exchange Drive
Suite 600
Columbus, OH 43231


Army/Air Force Exchange
PO Box 650410
Dallas, TX 75265


Bon Secours Rich Health Sys
P.O. Box 28538
Richmond, VA 23228


Buonassissi, Henning & Lash
A Professional Corporation
1861 Wiehle Avenue, Suite 300
Reston, VA 20190


Butterworths Furniture Co
2059 S. Crater Rd
Petersburg, VA 23805


Cardiology Associates of Centr
PO Box 843356
Boston, MA 02284


Care Diabetes & Endo-A Dept
PO Box 843356
Boston, MA 02284


ComenityBank/Valctyfr
PO Box 182789
Columbus, OH 43218


Cox Comminications
2720 North Mall Drive
Suite 196
Virginia Beach, VA 23452

Credit Control Corporation
Attn: Bankruptcy Dept.
P.O. Box 120570
Newport News, VA 23612-0570


DirecTV
PO Box 9001069
Louisville, KY 40290


Fidelity Bank
PO Box 1007
Wichita, KS 67201


First Union Market Bank
PO Box 446
Bowling Green, VA 22427


Fort Lee Federal Credit Union
4495 Crossings Blvd
Prince George, VA 23875


GECRB/HH Gregg
PO Box 965036
Orlando, FL 32896


GECRB/Lowes
C/O P O BOX 965005
Orlando, FL 32896


GEMB/HH Gregg
PO Box 960061
Orlando, FL 32896


Home Depot/Citibank
P.O. Box 6497
Sioux Falls, SD 57117-6497


Hopewell Builders Supply
903 W. City Point Rd.
Hopewell, VA 23860


Medical Data Systems
2001 9th Ave.
Ste. 312
Vero Beach, FL 32960

Medical Revenue Services
645 Walnut Street
Ste 5
Gadsden, AL 35902


Midland Funding, LLC
8875 Aero Drive
Suite 200
San Diego, CA 92123


Miramed Revenue Group
991 Oak Creek Dr
Lombard, IL 60148


Navy Federal Credit Union
PO Box 3700
Merrifield, VA 22119


Nextel
2001 Edmund Halley Drive
Reston, VA 20191


Patient First
P.O. Box 758941
Baltimore, MD 21275-8941


Pellettieri Group, LLC
1717 Park Street
Suite 105
Naperville, IL 60563


Pentagon Federal Credit Union
1001 N. Fairfax St
Alexandria, VA 22314


ProCollect Inc.
PO Box 550369
Dallas, TX 75355


QDT Pathology Services
46 Jackson Drive
Cranford, NJ 07016

Richmond Allergy & Asthma Spec
9920 Independence Pk Dr.
Ste. 100
Henrico, VA 23233


Southside Regional Medical Cen
200 Medical Park Blvd.
Petersburg, VA 23805


Sprint
P.O. Box 105243
Atlanta, GA 30348-5243


St. Francis Medical
PO Box 404976
Atlanta, GA 30384


The CBE Group, Inc.
131 Tower Park Dr.
Suite 100
Waterloo, IA 50704


Treasurer, City of Hopewell
PO Box 199
Hopewell, VA 23860


Union Workers Credit Services
c/o ProCollect Inc
12170 N. Abrams Rd, Ste. 100
Dallas, TX 75243


Urosurgical Center of Richmond
9105 Stony Point Drive
Richmond, VA 23235-1979


Verizon California Inc
500 Technology Dr.
Saint Charles, MO 63304


Verizon Wireless
P.O. Box 26055
Minneapolis, MN 55426

```
Virginia Emergency Group
PO Boc 281743
Atlanta, GA 30384


Virginia Urology
Post Office Box 79437
Baltimore, MD 21279-0437


Wells Fargo Dealer Services
PO Box 1697
Winterville, NC 28590
```